MICHAEL SLATER *vs.* NATHAN SCHACK.

July 17, 1889.

**Deed—Acknowledgment on Legal Holiday.**—In taking an acknowledgment of the execution of a deed, a notary public is engaged in private business only. Such an acknowledgment may be taken on the 22d day of February.

· Action in the district court for Hennepin county, to determine the adverse claim of defendant to a vacant lot in Minneapolis. Plaintiff claimed title under a deed executed and delivered to him February 21, 1889, and recorded February 26, 1889. Defendant claimed a lien upon the premises under a mortgage for $150, executed, acknowledged, and delivered to him on the 22d day of February, 1889, by plaintiff's grantor, and recorded on February 23, 1889, defendant at the time of taking his mortgage having no notice of plaintiff's' deed. Plaintiff appeals from an order by *Hooker* J., overruling his demurrer to the answer.

*John J. McHale,* for appellant.

*W. C. Leavitt,* for respondent.

*By the Court.* Should we give to Gen. St. 1878, c. 124, § 1, the construction demanded by the appellant here, it would render the anniversary mentioned a day upon which no business of any character could lawfully be transacted, except that which might be public, and then in case of necessity only. By expressly prohibiting public business and the service of civil process upon that day it is evident that the legislators, when declaring the 22d of February a holiday, did not intend to make it *dies non juridicus.* It may be true that a notary is a public officer, but in taking an acknowledgment of the execution of a deed he is simply engaged in private business.

Order affirmed.